UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                           CASE NO.  8:10-cr-58-T-23TBM
                                                      8:13-cv-1963-T-23TBM
LAMONT BELLAMY

_____/

### O R D E R

Bellamy's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the

validity of his conviction for possession of a firearm by a convicted felon, for which

he serves eighty-four months.  Bellamy started this action by applying for a writ of

habeas corpus under 28 U.S.C. § 2241 in the Ocala Division of this district because

he is imprisoned in the United States Prison in Coleman, Florida.  Bellamy

concurred in re-designating his action as a motion to vacate under 28 U.S.C. § 2255

and, as a consequence, the action was transferred to the Tampa Division.  (Docs. 9

and 10)  After several subsequent extensions of time Bellamy filed an amended

motion to vacate, which is the governing pleading.  (Doc. 20)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary

review of the motion to vacate and a summary dismissal "[i]f it plainly appears from

the face of the motion, any attached exhibits, and the record of prior proceedings that

the moving party is not entitled to relief . . . ."  *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). Bellamy's amended motion to vacate lacks merit.

United States Marshals executed an arrest warrant and arrested Bellamy inside of his girlfriend's apartment. Officers found several firearms on a shelf in a bedroom closet. Next to one of the firearms was Bellamy's drivers license and a small container with packaged cocaine inside. After unsuccessfully challenging the validity of the search, Bellamy was found guilty during a bench trial and subsequently he was sentenced to the low end of the guidelines range. Bellamy's appeal, which was premised on the denial of his motion to suppress, was unsuccessful. (Doc. 86)

The motion to vacate asserts two challenges to the calculation of his sentence. Bellamy contends (1) that he lacks a requisite prior conviction to support the felon-in-possession charge and (2) that he never "brandish[ed], display[ed], barter[ed], us[ed], or carr[ied] a firearm." Bellamy could have raised both claims on direct appeal, but

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

because they were not timely raised, Bellamy is now procedurally barred from raising these claims in this collateral action.  *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."), *cert. denied*, 494 U.S. 1018 (1990).  *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002).  Bellamy cannot overcome this procedural default because he admitted that the firearms were his property.  Paragraph 8 of the pre-sentence report ("PSR") states that Bellamy "admitted to the possession of the firearms."  Moreover, neither claim has merit.

First, Bellamy's contention that he lacks the requisite prior felony conviction ignores his prior conviction for possession of marijuana with the intent to sell, as stated in paragraph 32 of the PSR, for which conviction he was sentenced to one year and a day.  Bellamy recognizes that he was convicted under 18 U.S.C. § 922(g)(1), which statute requires a prior conviction "of a crime punishable by imprisonment for a term exceeding one year."  Second, the Section 922(g)(1) felon-in-possession charge does not require "brandishing, displaying, bartering, using, or carrying a firearm."  Bellamy confuses the requirement for an increased sentence under Section 924(c)(1)(A).  Bellamy's was not sentenced under Section 924.

Accordingly, the amended motion under Section 2255 to vacate the sentence (Doc. 20) is **DENIED**.  Any pending motion is denied as moot.  The clerk must enter a judgment against Bellamy and close this case.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bellamy is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Bellamy must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Bellamy is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Bellamy must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 11, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -